MICHAEL BAILEY
United States Attorney
District of Arizona
GAYLE L. HELART
Assistant U.S. Attorney
California State Bar No. 151861
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: gayle.helart@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | NO CR-21-179-PHX-GMS |
|---|---|
| Plaintiff, | NO: 2:07-cr-00256-PHX-GMS |
| vs. | **PLEA AGREEMENT** |
| Gregory Thomas Cardullo, | **(Resolving Instant Matter and SR violation)** |
| Defendant. | |

Plaintiff, United States of America, and the defendant, Gregory Thomas Cardullo, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to the single count in the Information charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 2252(a)(4)(B), (b)(2) and 2256, Possession of Child Pornography with a Prior Qualifying Conviction, a Class C felony offense.

The defendant will also admit Allegations B and C of the Petition to Revoke Supervised Release in 2:07-cr-00256-001-PHX-GMS, filed December 17, 2020, which are each Grade C violations of the defendant's supervised release. The parties enter into this plea agreement to address the defendant's supervised release status and new charges in one agreement. The agreement has the effect of saving the resources by eliminating numerous hearings and of



benefitting the defendant by being subject to only one proceeding for both the supervised release violation and the new charges.

2.  **<u>MAXIMUM PENALTIES</u>**



a. A violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2), and 2256, is punishable by a maximum fine of $250,000, a term of imprisonment of between 0-20 years, or both, and imposition of a lifetime term of supervised release. The minimum possible term of supervised release is five years.

b. Under 18 U.S.C. § 3583(e), the maximum term of imprisonment that can be imposed upon revocation of supervised release for a Class C felony is two years of imprisonment. The applicable range of imprisonment under U.S.S.G. § 7B1.4 for a Grade C violation with a Criminal History Category I is 3 to 9 months.

c. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for the count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

d. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

e. The defendant acknowledges that pleading guilty to this offense will require him to register as a sex offender under the Sex Offender Registration and Notification Act, 42 U.S.C. § 16911, et seq. The defendant recognizes that failure to comply with the sex offender registration laws of any state, federal, or tribal jurisdiction to which he is subject can result in him being charged with a new state or federal criminal offense punishable by imprisonment or a fine, or both.

3. **AGREEMENTS REGARDING SENTENCING**

a. Stipulation: Range of Potential Sentence. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence on the instant matter shall be between 120 and 156 months (10-13 years).

b. Stipulation: Sentencing for Supervised Release Violation. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties stipulate and agree that the defendant's sentence for violating supervised release in 2:07-cr-00256-001-PHX-GMS shall not exceed the middle of the applicable revocation guideline range. The parties are free to argue whether the supervised release sentence in 2:07-cr-00256-001-PHX-GMS should run concurrent or consecutive to the sentence imposed in the instant case, but ultimately that issue is left to the discretion of the Court. At sentencing Allegations A and D of the petition will be dismissed.

c. Stipulation: Supervised Release. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that, upon release from imprisonment, the defendant shall be placed on a lifetime term of supervised release.

d. Stipulation: Psychosexual Assessment. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that, in accordance with 18 U.S.C. § 3552(b), the defendant shall submit to a psychosexual assessment prior to sentencing in this case. The evaluation shall include, but may not be limited to, physiological testing, including the use of a polygraph. The examiner shall be an approved provider as determined by the United States Probation Department. The defendant agrees to contribute to the cost of this assessment in an amount to be determined by the Probation Department after the Probation Department has reviewed all financial and other information obtained in connection with the

presentence investigation in this case. All reports and information from the assessment shall be released to the Probation Department. The parties stipulate and agree that any statements obtained from the defendant in connection with the examination shall not be used in the instant prosecution or any subsequent federal prosecution of the defendant in the District of Arizona. However, any statements by the defendant and all information in the report may be used and considered by the parties, and the Court, as an aid in fashioning the appropriate sentence for the defendant.

e. Recommendation: Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

f. Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

g. Stipulation: Restitution. Pursuant to 18 U.S.C. § 2259, the United States and the defendant stipulate to the entry of a Restitution Order in the amount of $3,000.00 for each victim who is depicted in any image or video referenced in the count(s) of conviction who submits a claim for restitution. The defendant agrees that his criminal conduct in the present prosecution is the proximate cause of a portion of the injuries suffered by the aforementioned victim(s) and, as such, the stipulated award is reasonable and justified. The defendant understands that such restitution will be included in the Court's Order of Judgment. The defendant further agrees that he will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

1      h.      Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

     a.     The United States shall not prosecute the defendant for any additional offenses committed by the defendant, and currently known by the United States, from the facts determined in the current investigation. The defendant understands, however, that the Court will take into account all the facts learned in the investigation as relevant conduct, including the full forensics results of the telephone that defendant possessed, and his conduct while on supervision since his release from imprisonment in Case No. 2:07-cr-00256-001-PHX-GMS. Allegations A and D of the Supervised Release Petition will be dismissed at sentencing.

     b.     This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

     a.     If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

## 8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

Pursuant to Title 18, United States Code, Sections 981 and 2253, Title 21 United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and based upon the conviction in Count 1 of the Information, the defendant shall forfeit to the United States of America all right, title, and interest in any visual depiction, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of statute, and any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense, and any property, real or personal, used or intended to be used to commit or to promote

the commission of such offense or any property traceable to such property, including, but not limited to the LG Journey cellular telephone, outside identifying number ending in 7855, seized on December 10, 2020, by the U.S. Probation Office.

## 9. ELEMENTS

### Possession of Child Pornography

On or about December 10, 2020, in the District of Arizona:

1. The defendant knowingly possessed matter that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

2. The defendant knew each visual depiction contained in the matter showed a minor engaged in sexually explicit conduct;

3. The defendant knew that the production of each visual depiction involved the use of a minor in sexually explicit conduct; and

4. Each visual depiction had been transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce, whether by computer or other means.

5. "Sexually explicit conduct," pursuant to the definition in 18 U.S.C. § 2256, includes a lascivious exhibition of the genitals or pubic area of any person, or a depiction of violence.

6. "Minor" means a child under the age of 18.

## 10. FACTUAL BASIS

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b. Gregory Thomas Cardullo was convicted in Case No. 2:07-cr-00256-001-PHX-GMS, of Distribution and Receipt of Child Pornography (Two Counts). On February 17, 2009, Cardullo was sentenced and given a sentence of imprisonment of 160 months, and lifetime term of supervised release. Cardullo was also ordered to comply with certain terms

and conditions of supervised released. Cardullo's supervision began on September 18, 2018, when he was released. Cardullo knew about his terms and conditions of supervision.

    c.        Special Condition 5 (Allegation B of the Supervised Release Petition) ordered that Cardullo not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256, and that he not possess, view, or otherwise use any other material that is sexually stimulating or sexually oriented deemed to be inappropriate by his probation officer.

    d.        Special Condition 9 (Allegation C of the Supervised Release Petition) ordered that Cardullo not possess any type of camera or video recording device without probation officer approval.

    e.        On December 10, 2020, Cardullo's supervising probation officer contacted Cardullo at his residence, in Phoenix, within the District of Arizona. During this contact, Cardullo went into his bedroom and appeared to conceal an object. Cardullo ultimately gave the item, an LG Journey smartphone, identifying number on outside ending in 7855, to his probation officer. During the contact, Cardullo admitted that he obtained the smartphone on approximately October 26, 2020 and that his probation officer did not know about it. Cardullo admitted having viewed adult and child pornography (*i.e.* material depicting sexually explicit conduct) material on the telephone. Cardullo stated that child pornography would be on the telephone. Cardullo stated that he knew this was wrong and if not caught, he would continue to engage in the behavior.

    f.    Specific to the Allegations in the Petition B and C to which this Court will consider, Cardullo knew it was wrong to have searched for, to view, and/or to possess child pornography material, and Cardullo knew it was wrong to have obtained and possessed a smart phone which his probation officer did not know about, that he did not inform his probation officer about, and which he viewed and saved child pornography on.

    g.        Cardullo's supervising probation officer turned the phone over to the FBI for a forensic analysis. The FBI obtained a search warrant and searched the telephone. The telephone contained 14 video files of federally chargeable child pornography, 29 videos

of nude and partially nude and age difficult videos of modeling type material, and 85 deleted image and videofiles of mostly child erotica modeling type material.

    h.    The Information lists the 14 videofiles that were saved on the telephone possessed by Cardullo and that meet the definition of federal child pornography under 18 U.S.C. § 2256. The first three videos listed can be described as follows:

> **0.mp4:** This is a 10 second video with no sound. A nude girl, except for thigh high red, white, and blue stockings, and who appears no older than 11, is masturbating while sitting and a pink object is inserted into her anus. In the next scene, the same girl is bent over the knee of a nude adult man who inserts a black vibrator into her anus. The girl performs oral sex on his penis.
>
> **1.mp4:** This is a 20 second video with sound. It shows a boy who looks no older than 8 in a bedroom with an adult man. The man touches the boy's anus with his fingers and inserts his penis into the boy's anus. The boy screams.
>
> **1_2.mp4:** This is a 59 second video with sound. A nude boy and girl, both who look to be 8-12 years old, take directions from an adult man. The girl performs oral sex on the boy. The girl lies on her stomach while the boy rubs a lubricant on her anus.

    i.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read every part of this agreement and I have carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting

my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

02.13.2021
Date

Gregory Thomas Cardullo
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

2/13/21
Date

William Michael Atkins
Attorney for Defendant

### APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

GAYLE HELART  Digitally signed by GAYLE HELART
Date: 2021.02.16 08:12:48 -07'00'
_____    _____
Date                           Gayle L. Helart
                               Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

*[signature]* 2-7-21              *[signature] G. Murray Snow*
_____    _____
Date                           HONORABLE
                               United States District Judge